PONDER, Judge.
On October 5,1982, we granted a writ of mandamus ordering the judge of the Thirty-Second Judicial District Court to transmit by October 15, 1982, the record in this case to us to the end that the validity of the questioned proceedings could be ascertained. We ordered the State of Louisiana, Harry Neill, Bobby Martin, Graham Neill, James Soudelier and Rhebb Rybiski, to show cause why the requested relief should not be granted. We further ordered that all proceedings against the relator be stayed and suspended, including the execution of the contempt sentence imposed upon him on October 5, 1982. The record was filed in our court on December 1, 1982. There have been no other filings in this case by anyone. We note from the record that despite our stay of our proceedings, the State of Louisiana through the Assistant District Attorney called for arraignment of the relator and that the Judge, over the objection of relator’s counsel, instructed counsel to enter a plea. The case was then set for trial on February 8, 1982 (sic).
Evidently, multiple charges against three of the defendants, a charge of alleged possession of a wild quadruped (deer) against another, and a charge of simple battery against relator, Rhebb Rybiski, an enforcement agent of the Department of Wildlife and Fisheries, arose from one set of circumstances. According to the minutes of court, a preliminary examination on all the charges, sixteen against all defendants including Rybiski, was set for and called on October 5, 1982. Rhebb Rybiski was called by the State as a witness. After giving his name and employment, he refused to answer the question:
“On June the 7th, 1982, were you in the company of another wildlife agent, Mr. Plaisance, on Highway 24?”
The refusal was based on the ground that any answer might tend to incriminate. Without further ado, the court announced:
“If you don’t answer this question I am going to put you in jail. I order you to answer this particular question.”
The relator advised the court he had a letter. Without inquiring as to what kind of letter, the court said:
“I don’t care what you’ve got. I am telling you to answer the question. It asked for you to be at a particular location.”
The judge refused to stay sentence for application for writs. We granted the application.
*1241 We are not advised of any explanation, and the record does not show any reason why there was such precipitancy in the adjudication of contempt. No opportunity was given the witness to explain why he thought the answer could incriminate. No explanation is given either in the record or otherwise why Rybiski was called as a witness by the State when he was himself a defendant present in court for a preliminary examination. The record does not disclose any reason why the State of Louisiana or the Court has found the matter so pressing that they have violated the spirit if not the letter of our stay order.
At any rate, the aura of the whole matter is such that we believe relator’s constitutional rights have been violated. We therefore order Cleveland J. Marcel, Sr., Judge Ad Hoc of the Thirty-Second Judicial District Court to recall and vacate his judgment of contempt and sentence pronounced on October 5, 1982. We further order the State of Louisiana through Dixie Brown, Assistant District Attorney, and the Honorable Cleveland J. Marcel, Sr., Judge Ad Hoc, to recall and vacate the arraignment and setting for trial of Case No. 128,228, State of Louisiana v. Rhebb Rybiski, and that they advise this court by formal notice within ten days that this has been done.
ORDER MADE PEREMPTORY.